1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11

ISSA ABUSHAMA,

Civil No.    09-0366 WQH (JMA)

12

Petitioner,

13

v.

**ORDER DISMISSING CASE
WITHOUT PREJUDICE**

14

PEOPLE OF THE STATE OF CALIFORNIA,

15

Respondent.

16         Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas

17   Corpus pursuant to 28 U.S.C. § 2254.

18              **FAILURE TO SATISFY FILING FEE REQUIREMENT**

19         Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma

20   pauperis.  This Court cannot proceed until Petitioner has either paid the $5.00 filing fee or

21   qualified to proceed in forma pauperis.  See Rule 3(a), 28 U.S.C. foll. § 2254.

22          **FAILURE TO STATE GROUNDS FOR RELIEF IN PETITION**

23         In addition, Rule 2(c) of the Rules Governing Section 2254 Cases states that the petition

24   "shall set forth in summary form the facts supporting each of the grounds . . . specified [in the

25   petition]." Rule 2(c), 28 U.S.C. foll. § 2254. *See also Boehme v. Maxwell*, 423 F.2d 1056, 1058

26   (9th Cir. 1970) (trial court's dismissal of federal habeas proceeding affirmed where petitioner

27   made conclusory allegations instead of factual allegations showing that he was entitled to relief).

28   Here, Petitioner has violated Rule 2(c).  Petitioner claims "Ineffective Assistance of Counsel for

1   the following reasons: a) He didn't advice [sic] me about the immigration consequences, b) He

2   didn't explained [sic]to me the element of the charge, c) He didn't explained [sic] to me the

3   charges what I will plead guilty to against who "because I have two victims," and a violation of

4   his "rights on appeal."   (Pet. at 1.) Although Petitioner does not fail to state generalized

5   constitutional grounds for relief, he does fail to provide specific factual allegations in support

6   of such grounds.

7       While courts should liberally interpret pro se pleadings with leniency and understanding,

8   this should not place on the reviewing court the entire onus of ferreting out grounds for relief.

9   *Cf. Burkey v. Deeds*, 824 F. Supp. 190, 193 (D. Nev. 1993) (finding that courts do not have

10   entire onus of creating federal claim for petitioner).  The Court finds that the Petition contains

11   conclusory allegations without any specific facts in support of relief.  A federal court may not

12   entertain a petition that contains allegations which are conclusory.

13       This Court would have to engage in a tenuous analysis in order to attempt to identify and

14   make sense of the Petition and its attachments.  In order to satisfy Rule 2(c), Petitioner must

15   point to a "real possibility of constitutional error." *Cf. Blackledge v. Allison*, 431 U.S. 63, 75

16   n.7 (1977) (internal quotation marks omitted).  Facts must be stated, <u>in the petition</u>, with

17   sufficient detail to enable the Court to determine, from the face of the petition, whether further

18   habeas corpus review is warranted.  *Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990).

19   Moreover, the allegations should be sufficiently specific to permit the respondent to assert

20   appropriate objections and defenses.  *Harris v. Allen*, 739 F. Supp. 564, 565 (W.D. Okla. 1989).

21   Here, the lack of grounds for relief in the Petition prevents the Respondent from being able to

22   assert appropriate objections and defenses.

23       Due to Petitioner's unsatisfactory showing, the Court dismisses the action without

24   prejudice.  Should Petitioner decide to file a new petition, he is advised to *clearly and succinctly*

25   state all grounds for relief using the First Amended Petition form sent to Petitioner with this

26   order.

27   //

28   //

## **FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has failed to name a proper respondent.  On federal habeas, a state prisoner must name the state officer having custody of him as the respondent.  Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254).  Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent.  See id.

The warden is the typical respondent.  However, "the rules following section 2254 do not specify the warden."  Id.  "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'"  Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note).  If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'"  Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody.  The actual person who is [the] custodian [of the petitioner] must be the respondent."  Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968).  This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court.  "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner."  Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has incorrectly named "People of the State of California,"[1] as Respondent.  In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections.  Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

---

[1]Petitioner captioned his Petition "People of the State of California, Petitioner vs. Issa Abushama, Respondent."  The Court notes that Abushama is the Petitioner, therefore presumes he intends "People of the State of California" to be the Respondent.

**<u>FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES</u>**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-34 (1987). To exhaust state judicial remedies, a California state prisoner must present the California Supreme Court with a fair opportunity to rule on the merits of every issue raised in his or her federal habeas petition. 28 U.S.C. § 2254(b), (c); <u>Granberry</u>, 481 U.S. at 133-34. Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. The Supreme Court in <u>Duncan v. Henry</u>, 513 U.S. 364 (1995) reasoned: "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims <u>under the United States Constitution</u>." <u>Id.</u> at 365-66 (emphasis added). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." <u>Id.</u> at 366 (emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify. "The burden of proving that a claim has been exhausted lies with the petitioner." <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997); <u>see</u> <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998); <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997); <u>Oyler v. Allenbrand</u>, 23 F.3d 292, 300 (10th Cir. 1994); <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir. 1994).

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

//

//

//

1     (A) the date on which the judgment became final by the
2 conclusion of direct review or the expiration of the time for seeking
such review;

3     (B) the date on which the impediment to filing an application
created by State action in violation of the Constitution or laws of the
4 United States is removed, if the applicant was prevented from filing
by such State action;

5
6     (C) the date on which the constitutional right asserted was
initially recognized by the Supreme Court, if the right has been
newly recognized by the Supreme Court and made retroactively
7 applicable to cases on collateral review; or

8     (D) the date on which the factual predicate of the claim or
claims presented could have been discovered through the exercise
9 of due diligence.

10 28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

11     The statute of limitations does not run while a properly filed <u>state</u> habeas corpus petition

12 is pending. 28 U.S.C. § 2244(d)(2); <u>see</u> <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999).

13 <u>But see</u> <u>Artuz v. Bennett</u>, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed'

14 when its delivery and acceptance [by the appropriate court officer for placement into the record]

15 are in compliance with the applicable laws and rules governing filings."). However, absent some

16 other basis for tolling, the statute of limitations does run while a <u>federal</u> habeas petition is

17 pending. <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82 (2001).

18     Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a

19 habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to

20 it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll.

21 § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal

22 habeas relief because he has not alleged exhaustion of state court remedies.

23 **<u>FAILURE TO USE PROPER FORM</u>**

24     Finally, a Petition for Writ of Habeas Corpus must be submitted in accordance with the

25 Local Rules of the United States District Court for the Southern District of California. <u>See</u> Rule

26 2(c), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be

27 submitted upon a court-approved form and in accordance with the instructions approved by the

28 Court. Presently, Petitioner has submitted an application for writ of habeas corpus on a non-

1    approved form.

2    **CONCLUSION AND ORDER**

3       For the foregoing reasons, the Court **DISMISSES** the case without prejudice for

4    Petitioner's failure to: (1) satisfy the filing fee requirement, (2) state grounds for relief in the

5    Petition, (3) name a proper respondent, (4) allege exhaustion of state judicial remedies, and (5)

6    use a court-approved form.  If Petitioner wishes to proceed with this case, he must submit, **no**

7    **later than** <u>**May 6, 2009,**</u> a copy of this Order with the $5.00 fee or with adequate proof of his

8    inability to pay the fee **AND** a First Amended Petition which cures the pleading deficiencies

9    noted above.  **<u>The Clerk of Court is directed to send a blank Southern District of California</u>**

10   **<u>In Forma Pauperis Application and a First Amended Petition form to Petitioner along with</u>**

11   **<u>a copy of this Order.</u>**

12       **IT IS SO ORDERED.**

13

14   DATED:  March 5, 2009

15                           **WILLIAM Q. HAYES**
                             United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28